Rose & Bro. *v.* William Cookendolpher, et al.

**Homestead—Waiver.**

> The sale of a homestead and the appropriation of the proceeds to the purchase of other property, not exempt from seizure and sale for debt, or into a permanent interest-bearing investment, will be deemed and treated as a voluntary waiver of the benefit of the homestead exemption.

APPEAL FROM NELSON CIRCUIT COURT.

January 31, 1878.

Opinion by Judge Lindsay:

This is not a case in which a housekeeper with a family has sold his homestead with the intention and expectation of immediately reinvesting the proceeds in another homestead.

Here he concedes the right of the purchaser to set off against the price for which the realty was sold (which was just one thousand dollars) certain claims held by him anterior to the sale, and the note for the purchase price was made payable five years after date.

Appellee does not pretend that he had made, or attempted to make, arrangements for the purchase of another home, although he had sold and abandoned his homestead more than two months before appellant's attachment was levied.

There can be no doubt that the sale of a homestead, and the appropriation of the proceeds to the purchase of other property not exempt from seizure and sale for debt, or into a permanent interest bearing investment (and the note in question bears interest from date), will be deemed and treated as a voluntary waiver of the benefits of the exemption.

The judgment discharging the attachment is final in its nature, as the only relief sought by appellant was the subject of the attached fund to the payment of his common-law judgment, upon which there had been a return of nulla bona.

Said judgment is *reversed* and the cause remanded for further proceedings consistent with the principles of this opinion.

*Muir & Wickliffe, for appellants. George Fulton, for appellees.*